**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**WILLIE JOE WALLS, #94410**                                              **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 1:08-cv-1483-LG-RHW**

**STATE OF MISSISSIPPI, CONO CARANNA,
and LISA DODSON**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Walls, an inmate currently incarcerated in the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are the State of Mississippi; Cono Caranna, District Attorney; and Lisa Dodson, Circuit Court Judge. Upon liberal review of the Complaint and Response [7] filed, the Court has reached the following conclusions.

### Background

Plaintiff pled guilty to possession of a controlled substance on December 14, 2004, (cause number B2401-2003-00345) and on April 9, 2007, (cause number B2401-2006-00322), in the Circuit Court of Harrison County, Mississippi. As a result, Plaintiff was sentenced to eight years imprisonment and two years imprisonment, to run consecutive.

In 2008, Plaintiff litigated a § 1983 case in this Court against Defendant State of Mississippi, complaining that the sentence imposed for his April 9, 2007, conviction was illegally enhanced because convictions from the State of Wisconsin were used to prove that

he is a habitual offender. *Walls v. State of Mississippi*, 2:08-cv-80-KS-MTP (S.D. Miss. May 15, 2008). Plaintiff claimed that he had not been convicted of any crime by the State of Wisconsin, and he requested his release from incarceration and monetary damages in the case. On May 15, 2008, United States District Judge Keith Starrett, issued a Memorandum Opinion and Final Judgment dismissing this case for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In the instant case before the Court, Plaintiff alleges the same claims regarding his habitual offender sentence and adds claims for defamation of character. Plaintiff argues that he has been "maliciously slandered" by the inclusion of these two felony convictions from Wisconsin in his "indictment papers." *Comp. [1]*, p.4. As relief in this action, Plaintiff is requesting that this Court "set aside his sentence," order his immediate release from incarceration, and award him monetary damages in the amount of $250,000.00. *Id.* at 7.

After initial review of the Complaint filed, United States Magistrate Judge Robert H. Walker entered an Order [6] advising Plaintiff about malicious filings and the consequences of his case being dismissed as malicious. The Order [6] provided the Plaintiff with an opportunity to voluntarily dismiss this case or file a response showing cause why this case should not be dismissed as malicious. On January 23, 2009, Plaintiff filed an unsigned Response [7] to the Court's Order [6] that was argumentative, vulgar and utterly unhelpful to the Plaintiff's cause.

Analysis

The Prison Litigation Reform Act of 1996, Pub.L. No. 104-134, 110 Stat. 1321,

2

applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions of the Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted the Plaintiff to proceed *in forma pauperis* in this action, thus his Complaint is subject to *sua sponte* dismissal under Title 28 U.S.C. § 1915.

As a primary matter, this Court notes that Plaintiff's request to "set aside his sentence" is not available under 42 U.S.C. § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (habeas petition is proper vehicle to seek release from custody). A prisoner's

claim attacking his current confinement and requesting release from incarceration is properly pursued in a petition for habeas corpus relief, not a § 1983 conditions of confinement case. *Id.* (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994)). Therefore, Plaintiff's request for his immediate release from incarceration is not properly before this Court and will be dismissed. [1]

If a pauper seeks to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff, then dismissal of the ensuant action is warranted. *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). The Fifth Circuit further defined these duplicative actions as "malicious," even prior to the disposition of the first suit. *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff"). As stated above, the PLRA provides that "the court shall dismiss the case at any time" if the court determines that it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

The allegations of this complaint concern the Plaintiff's criminal sentence as a habitual offender which Plaintiff alleges is based on felony convictions from the State of Wisconsin. As stated above, Plaintiff previously litigated a § 1983 case in this Court, civil action number 2:08-cv-80-KS-MTP, wherein he asserted the same arguments regarding his habitual offender sentence. The claims in Plaintiff's previous case and the claims asserted in

---

[1] The Court is not reaching any determination regarding the viability of Plaintiff's habeas claims, nonetheless the Court will direct the Clerk to mail the Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

this cause are substantively identical and clearly arise from the same set of facts -- his mistaken belief that convictions from the State of Wisconsin were used to sentence him as a habitual offender.² The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Therefore, this Court concludes that the allegations asserted in this complaint, sans claims of defamation of character, are malicious and shall be dismissed.

The remaining claims of defamation asserted by the Plaintiff do not rise to the level of a constitutional deprivation warranting the requested relief. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (*citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988)) (mere injury to one's reputation, without more, does not demonstrate a constitutional deprivation). Implication of reputation alone is insufficient to establish a cause of action under 42 U.S.C. § 1983, the Plaintiff must have a more tangible interest to implicate a property or liberty interest sufficient to invoke the due process protection of the 14th Amendment. *Thomas v. Kipperman*, 846 F.2d 1009, 1010 (5th Cir 1988). Accordingly, the Court finds that Plaintiff's assertions of defamation are not cognizable in this § 1983 suit.

## Conclusion

As discussed above, the Plaintiff's repetitive allegations are malicious and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's remaining non- malicious

---

²Plaintiff attached a copy of an Order entered on March 12, 2008, by the Harrison County Circuit Court, which denied his motion for post-conviction relief in cause number B2401-2006-00322, to the previous Complaint he filed in this Court in civil action number 2:09-cv-80-KS-MTP. Judge Starrett noted in his Opinion of May 15, 2008, that this state court Order clearly explained to the Plaintiff that his habitual offender sentence was not based on any Wisconsin convictions.

claims are dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent the Plaintiff is asserting any habeas corpus claims, they are dismissed without prejudice.

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "Strike."[3] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."